IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WENFANG LIU,

                Plaintiff,             OPINION AND ORDER

v.

                                          11-cv-712-wmc

DEPARTMENT OF HEALTH SERVICES,

                Defendant.

---

This is a proposed civil action that plaintiff Wenfang Liu, proceeding pro se, has filed against defendant Department of Health Services. Liu has been allowed to proceed without prepayment of costs and fees in this action.

The next step is determining whether Liu's proposed action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Because Liu has failed to state a claim under federal law, her complaint will be dismissed.

In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). In her complaint, Liu alleges, and the court assumes for purposes of this screening order, that Liu is an adult resident of Verona, Wisconsin. The State of Wisconsin Department of Health Services terminated her food stamp benefits on August 1, 2011, and refuses to restore them.

The food stamp benefit program (now known as the Supplemental Nutrition Assistance Program) is a federal program administered by each state. A plaintiff may bring a private right of action under 42 U.S.C. § 1983 for denial of food stamp benefits. *Haskins v. Stanton*, 794 F.2d 1273, 1275 (7th Cir. 1986); *see also Gonzales v. Pingree*, 821 F.2d 1526,

1528 (11th Cir. 1987); *Victorian v. Miller*, 813 F.2d 718, 721 (5th Cir. 1987). Section 1983 allows claims against any person who, acting under color of state law, deprives another of a constitutional or federal statutory right. 42 U.S.C. § 1983. As an initial matter, Liu cannot sue the Wisconsin Department of Health Services because a state agency is not a "person" against whom a § 1983 claim may be brought. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Even if Liu had properly named a state official as the defendant, her complaint is defective because it does not explain why she thinks the decision to cut off food stamps was wrong. Under Federal Rule of Civil Procedure 8, a plaintiff's complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Liu's conclusory assertion that the decision to cut off assistance "is contrary to the federal food stamp program's purpose" does not suffice.

The court would typically allow Liu to amend her complaint to name a proper defendant and include more precise allegations, but a review of her filings shows that this would be futile. Liu has submitted to this court a copy of a letter to State Senator Fred Risser, in which Liu explains that she should qualify for food stamps because she is a "qualified alien" who has "has been battered or subjected to extreme cruelty in the U.S. by a spouse or a parent and received approval based on their submittal and approval of the I-360 with USCIS." Unfortunately for Liu, even if she qualified under this standard, she would not be eligible for food stamps until she had resided in the United States for five years. 8 U.S.C. § 1612(a)(2)(L). In her letter, as well as in earlier submissions to this court, Liu acknowledges that she arrived in the United States on October 15, 2007, less than five years ago.

ORDER

IT IS ORDERED that plaintiff Wenfang Liu's's complaint is DISMISSED with prejudice for failure to state a claim under federal law. The clerk of court is directed to close this case.

Entered this 20th day of December, 2011.

BY THE COURT:

WILLIAM M. CONLEY
District Judge